UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                                  Case No.: 8:11-bk-22258-MGW
                                                                        Chapter 7
FUNDAMENTAL LONG TERM
CARE, INC.,

       Debtor.
_____/

THE ESTATE OF JUANITA AMELIA JACKSON,
et al.,

       Plaintiffs,

v.                                                                      Adv. No. 8:13-ap-00893-MGW

GENERAL ELECTRIC CAPITAL CORPORATION;
et al.,

       Defendants.
_____/

## THE PROBATE ESTATE PLAINTIFFS' RESPONSE TO
## MOTION TO EXCLUDE EXPERT TESTIMONY OF STEVEN OSCHER

The Probate Estate Plaintiffs respond to the Joint Motion to Exclude Steven S. Oscher as Plaintiffs' Expert Witness at Trial (Doc. No. 631) (the "**Motion**") filed by the Fundamental Entities. The Estate Plaintiffs expert on their successor liability claims, Steven S. Oscher, should be permitted to testify at trial because his opinions are relevant and reliable.

Although the Court has a gatekeeping duty under Fed.R.Evid. 702 to ensure that expert testimony is relevant and reliable, *United States v. Jawara,* 474 F.3d 565, 582 (9th Cir. 2007), the gatekeeping duty is different if the case is a bench trial, *In re Salem,* 465 F.3d 767, 777 (7th Cir. 2006). "Where the gatekeeper and the factfinder are one and the same, the need to make decisions prior to hearing the testimony is lessened." *Id.* The admission of expert testimony is a

matter wholly within the discretion of the court, which is accorded considerable leeway in making its determination. *Cook ex rel. Tessier v. Sheriff of Monroe County,* 402 F.3d 1092, 1103 (11th Cir. 2005); *Frazier,* 387 F.3d at 1258. "[T]he court does not err in admitting the evidence subject to the ability later to exclude it or disregard it if it turns out not to meet the standard of reliability established by Rule 702." *Id. See e.g., Biltmore Associates, L.L.C. v. Thimmesch*, 2:02-CV-2405-HRH, 2007 WL 5662124 (D. Ariz. Oct. 15, 2007) (refusing to exclude expert testimony on aiding and abetting claims prior to trial).

"Determination on admissibility should not supplant the adversarial process; shaky expert testimony may be admissible, assailable by its opponents through cross-examination." *Gayton v. McCoy,* 593 F.3d 610, 616 (7th Cir.2010).

**The Report and Opinion is not Preliminary.**

Mr. Oscher's Report, dated May 23, 2014 (the "**Oscher Report**") indicates that the documents he would review would include documents produced by Fundamental Administrative Services, LLC ("**FAS**"), and that although his opinions are supported by the documents reviewed thus far, his conclusions may be effected by additional documents. Oscher Report, p. 11. That such documents, if ever produced, may impact Mr. Oscher's opinions do not render his opinions preliminary and subject to exclusion.

**The Report is Based on Facts or Data.**

The Motion seeks to exclude Mr. Oscher's opinions as not based on sufficient facts or data, where the text of the Report is based in part on the factual allegations made in the Complaint. Defendants point to facts stated in the Report as contested, and point to their disagreement with the facts as a basis to exclude Oscher's testimony. Motion, p. 6-7. However, this is an incorrect analysis under the facts or data prong of FRE 702. Except in extreme

circumstances not present here, contesting the factual underpinnings of expert's opinion is the subject of cross-examination, not a basis to exclude the testimony. *Perry v. Berkley*, 996 A.2d 1262, 1271 (Del. Supr. 2010) ("When the expert's opinion is not based upon an understanding of the fundamental facts of the case, however, it can provide no assistance to the jury and such testimony must be excluded."). *In re Zurn Pex Plumbing Products Liability Litigation*, No. 10-2267, 2011 WL 2623342 *6-8 (8th Cir. July 6, 2011) ("[a]s a general rule, the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility… An expert's opinions are not inadmissible simply because an underlying assumption may be contestable.").

Defendants challenge certain facts relied upon by Oscher in reaching a mere continuation opinion, stating that certain facts are in dispute.[1] First, the Defendants' challenge to the facts does not render the opinion inadmissible, but simply goes to its weight. Second, the Defendants do not actually challenge the facts relied upon, but rather Oscher's independent inquiry into those facts. E.g., Motion, p.6 ("Mr. Oscher admits that he has never personally met or observed Mr. Saacks, that he has never talked to him…"). Far from reflecting a misunderstanding of the fundamental facts of the case, Oscher's opinion is based on facts of record in this case, which are sufficient for purposes of his opinion under FRE 702.

Additionally, the documents reviewed and relied upon by Mr. Oscher are detailed in his Report and the list identified in the exhibits to the Report, and encompass more than just the complaint and the Court's memorandum order.  The court may revisit evidentiary rulings during trial as appropriate in its exercise of discretion. *Luce v. United States*, 469 U.S. 38, 41–42, 105 S.Ct. 460 (1984).  If the Court finds that factual underpinnings relief upon by Mr. Oscher are lacking, the Court can address that at trial.

---

[1] Even so, Oscher testified that his opinions would not change even if the facts were as the Fundamental Entities hypothetically posed.  Depo. Trans. p. 49 ln 20- p. 50 ln. 10.

**<u>Mr. Oscher's Methodology is Reliable, and Reliably Applied.</u>**

Mr. Oscher's methodology is reliable. The factors used in considering whether an opinion is the product of a reliable methodology vary, and are applied based on the discretion of the trial court. "All of these factors remain relevant to the determination of the reliability of expert testimony under the Rule as amended. Other factors may also be relevant. Yet no single factor is necessarily dispositive of the reliability of a particular expert's testimony." FRE 702, Advisory committee notes (internal citations omitted). Some of the factors identified are irrelevant to experience-based opinions, such as is the case here.

In this case, Oscher did have a methodology, and did apply it reliably to the facts of this case to form his opinion. Oscher's opinion incorporates the Court's prior rulings as stating the applicable law. When combined with his extensive background and experience in insolvency issues, citing any "literature, peer review, or other authority" (Motion, p. 8) is not necessary for the opinion to be based on a reliable methodology under FRE 702. Mr. Oscher's Report and his testimony, describe how he was able to go from (1) factual observations or assumptions to (2) applying his experience to his observations or assumptions, and then to (3) conclusions.

Finally, Mr. Oscher's opinions do not include opining on the state of mind of either Mr. Saacks or Mr. Grunstein. The knowledge testified to regarding Mr. Saacks are based on direct statements in testimony, and are not inferences or conclusions reached from other documents or testimony. The Fundamental Entities cite to an unpublished district court opinion in *Wiand v. Wells Fargo Bank, N.A.*, Case No. 8:12-cv-557-T-27EAJ (M.D. Fla. Doc. No. 221 May 7, 2014.). In that case, involving a bank's actual knowledge in a Ponzi scheme, the court allowed an opinion given by Mr. Oscher on whether bank account activity gave indicators of fraudulent activity, finding that such testimony did not purport to state whether or not the party had knowledge of the fraudulent activity. *Id.* at p. 6-7. Similarly, here Oscher's testimony is not that

a fraudulent transfer was made, or was made with fraudulent intent. His testimony is that Mr. Saacks testimony that he was paid $2,000 to sign documents on behalf of a company about which he never heard, for a transaction he knew nothing about, was an indicia of fraudulent conduct. Depo. Trans. P. 58 lns. 11-17; p. 129 ln. 11-16. That is not testimony of knowledge or intent, and is the proper subject of expert testimony in this context.

WHEREFORE, the Estates respectfully request that the Court deny the Motion, and allow the testimony of Oscher at trial.

Dated: August 15, 2014.

*/s/ Daniel R. Fogarty*

| | |
|---|---|
| Harley E. Riedel (Fla. Bar. No. 183628) | Bennie Lazzara (Fla. Bar No. 119568) |
| Daniel R. Fogarty (Fla. Bar No. 0017532) | Isaac R. Ruiz-Carus (Fla. Bar No. 17004) |
| Stichter Riedel Blain & Prosser, P.A. | Joanna M. Greber (Fla. Bar No. 0027830) |
| 110 East Madison Street, Suite 200 | WILKES & McHUGH, P.A. |
| Tampa, Florida 33602 | One N. Dale Mabry Hwy. #800 |
| T (813) 229-0144 | Tampa, FL 33609 |
| F (813) 229-1811 | T (813) 873-0026 |
| hriedel@srbp.com | iruiz-carus@wilkesmchugh.com |
| dfogarty@srbp.com | Counsel for Townsend Estate |
| Co-Counsel for Townsend Estate | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished on August 15, 2014 by the Court's CM/ECF transmission to all parties receiving electronic notice.

*/s/ Daniel R. Fogarty*
Daniel R. Fogarty