UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                    Case No. 8:11-bk-22258-MGW
                                                          Chapter 7

Fundamental Long Term Care, Inc.,

              Debtor.

_____/

Estate of Juanita Jackson, *et al.*,                      Adv. No. 8:13-ap-00893-MGW
                                                          (consolidated)

              Plaintiffs,

v.

General Electric Capital Corporation, *et al.*,

              Defendants.

_____/

**ORDER AND MEMORANDUM OPINION ON
USE OF CONFIDENTIAL EXHIBITS AT TRIAL**

The Chapter 7 Trustee obtained documents relating to the defense of the Debtor's

subsidiary, Trans Health Management, Inc. ("THMI"), in certain negligence actions under the

co-client exception to the attorney-client privilege during discovery in this proceeding. Now the

Trustee wants to use some of those co-client documents as exhibits at trial. The Receiver for

THMI's former corporate parent, Trans Healthcare, Inc. ("THI"), which is not a party to this

proceeding, objects. So too does Fundamental Administrative Services, LLC ("FAS"). THI and

FAS, who are the other co-clients, say the Trustee does not have the right to unilaterally waive the

attorney-client privilege. The Court must decide whether the co-client documents can be used at

trial and, if so, under what conditions.

The Court concludes the documents can be used at trial because one co-client may not invoke the attorney-client privilege against the other co-client in subsequent adverse litigation between the parties. Although THI is technically not a party to this proceeding, FAS is, and FAS is the THI Receiver's agent and is the real party in interest with respect to the co-client exception. And there is no reason to exclude any of the parties from the courtroom when the co-client documents are introduced during trial because most of the documents are not privileged or protected work product in the first place, and to the extent they are, the privilege can be waived or the privileged material can be redacted.

**Background**

Starting in 2004, a series of negligence or wrongful death cases were filed against THI and THMI in state court by six probate estates (the "Probate Estates") that are creditors in this bankruptcy case. For reasons that are still not entirely clear, THI retained lawyers to defend THMI in that litigation. At times, THI has contended it did so under an indemnification agreement. Other times, it contended it did so under a course of dealing. Whatever the reason, THI and THMI were represented by the same lawyers in the negligence actions.[1]

Not long after this bankruptcy case was filed, the Trustee (who the Court previously ruled had the right to control THMI)[2] requested copies of the litigation files for the negligence cases from the firms that defended THMI. There is no need to recount the whole history of that discovery dispute here. Suffice it to say, THI's state-court receiver, at least some of the law firms that defended THMI, and in-house counsel at FAS all objected to production based on the attorney-client privilege and work-product doctrine. This Court ruled that the Trustee was entitled

---

[1] Technically, THI and THMI were represented by the same lawyers in five of the six lawsuits. In the sixth lawsuit (one filed by the Estate of Nunziata), only THMI was a defendant.

[2] *In re Fundamental Long Term Care, Inc.*, 2012 WL 4815321, at *8 (Bankr. M.D. Fla. Oct. 9, 2012).

to litigation files under the co-client exception to the attorney-client privilege,[3] and eventually, the Trustee received them.

Naturally, she proposes to use some of the documents she received at the trial in this proceeding. The deadline for exchanging exhibits lists was August 29, 2014. As the Court understands it, the Trustee served two exhibit lists by that date. One exhibit list identified all of the non-confidential documents the Trustee intended on using at trial. The other exhibit list identified just the confidential documents. Objections to proposed exhibits were due September 12, 2014, and under the parties' agreed pre-trial order, any exhibits that were not objected to would be admitted at the outset of the September 22, 2014 trial.

From the Court's review of the record, it does not appear that any of the parties objected to the Trustee's confidential trial exhibits. Of course, none of the Defendants other than FAS had copies of any of the documents identified on the confidential exhibit list. So they could not have raised foundation, hearsay, and other similar objections.[4] But FAS had at least some (if not all) of the documents, and the Trustee's confidential exhibit list identified the proposed exhibits by Bates-label number. Yet, FAS did not object to any of the confidential documents by the September 12 deadline. So the Trustee asked the Court to consider the confidential or privileged nature of the exhibits on her confidential exhibit list and permit her to use those documents at trial.[5]

---

[3] *In re Fundamental Long Term Care, Inc.*, 489 B.R. 451, 477 (Bankr. M.D. Fla. 2013).

[4] And the Trustee does not argue that they could have.

[5] Adv. Doc. No. 892. The Trustee raised several grounds for why she should be permitted to use the documents. For instance, she says that some of the documents are not actually privileged even though she received them as part of the "co-client" production. Other documents she concedes may contain privileged information. For those documents, she says the Court should permit her to use redacted versions, or in the alternative, the Court should determine that public policy does not warrant keeping the documents confidential.

The reason for the Trustee's motion really has to do with this Court's previous co-client ruling.[6] In that ruling, the Court prohibited the Trustee from disclosing the litigation files she received under the co-client exception to any third party who would destroy the privilege.[7] The Court's principal concern was one raised by the THI Receiver, FAS, and others: namely, not allowing the Trustee to turn the litigation files over to the Probate Estates—her co-Plaintiffs in this proceeding but opposing party in the negligence cases. By previously prohibiting the Trustee from disclosing the litigation files without Court approval, the Court prevented the Probate Estates from gaining access to the defense strategy to the negligence cases they filed—some of which are still pending—as the THI Receiver, FAS, and others feared would happen once the Trustee had access to the files.[8]

Both FAS and the THI Receiver now object to the Trustee's use of any co-client documents at trial. Their objections can be summed up in two points: First, the fact that the Trustee obtained documents under the co-client exception during discovery does not mean she can use them at trial. Second, assuming co-client documents can be used at trial, they can only be used where both co-clients are adverse parties in subsequent litigation and the subject of the subsequent litigation is the same as the subject of the joint representation. The objections are without merit.

---

[6] *In re Fundamental Long Term Care, Inc.*, 489 B.R. at 476.

[7] *Id.*

[8] It has been a consistent theme by FAS and others throughout the main bankruptcy case and this adversary proceeding that the Trustee and the Probate Estates are in cahoots. In FAS's view, the Trustee would like to see the Probate Estates rack up huge verdict in the state court negligence estates. That would result in larger claims in this case, which would increase the Defendants' ultimate exposure in this proceeding. And all of that would benefit the Trustee and her counsel since they will receive a percentage of any recovery in this proceeding.

## Conclusions of Law[9]

### FAS's failure to timely object to the co-client
### documents constitutes a waiver of its objections

As a threshold matter, the Court concludes that FAS waived any objection to the use of the co-client documents. The Trustee timely disclosed her intent to use the co-client documents by identifying them on her witness list. FAS was required to object to the use of those exhibits at trial by September 12, 2014. For some reason, it failed to do so. FAS says that its failure to object does not constitute a waiver because the Trustee, in FAS's view, only listed the documents "aspirationally." Of course, all exhibit lists are aspirational in the sense that the party serving the exhibit list desires to use the proposed exhibits at trial. In fact, it is the "aspirational" nature of the list—i.e., that the Trustee wants to use the proposed exhibits—that required FAS to object. Because FAS offers no legitimate reason for not objecting to the proposed exhibits, any objections by FAS are waived. Nevertheless, the Court must address the co-client issue on the merits because it has been raised by the THI Receiver.

### The Trustee can use the co-client documents at trial

The Court is not convinced there is—as the THI Receiver and FAS initially suggested—a blanket prohibition against the Trustee using the co-client documents at trial (regardless of whether both co-clients are parties). At the conclusion of the September 17, 2014 hearing on this issue, the Court invited FAS and the THI Receiver (and anyone else objecting to co-client documents) to brief whether co-client documents can be used at all at trial or only where the

---

[9] The Court has jurisdiction over this proceeding under 28 U.S.C. § 1334(b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(H). Moreover, no party timely objected to this Court entering a final order or judgment in this case. An order objecting to the Court's authority to enter a final judgment was required to be filed by the deadline for responding to the complaint. Adv. Doc. No. 3 at ¶ 4. Accordingly, the parties are deemed to have consented to this Court entering a final order or judgment.

co-clients are adverse parties. Both the THI Receiver and FAS filed memoranda.[10] In its memorandum, FAS misstates the issue the Court requested briefing on and then concedes it was unable to locate any authority on point.[11] The THI Receiver seems to concede the first point (i.e., co-client documents cannot be used at trial at all) and relies on commentary to the Restatement (Third) of the Law Governing Lawyers in support of the second point (i.e., co-client documents can only be used during subsequent adverse litigation between the co-clients).[12]

In particular, the THI Receiver relies on comments (d) and (e).[13] Those two comments stand for the following propositions: (i) one co-client does not have authority to waive the attorney-client privilege with respect to another co-client's communications to the common lawyer; and (ii) one co-client may not invoke the attorney-client privilege in a subsequent proceeding in which the former co-clients are adverse. Neither of the comments to the Restatement supports the THI Receiver's argument that the Trustee should be precluded from using the co-client documents here.

As an initial matter, it is not clear the statement in comment (d) that one co-client can use co-client communications against the other in subsequent adverse litigation between them means that is the only circumstance in which co-client communications may be used. Perhaps there are other circumstances where it would be permitted. And neither party cites any authority that says

---

[10] Adv. Doc. Nos. 918 & 919. Other than the GTCR Group, none of the other Defendants filed memoranda. Adv. Doc. No. 920. And the GTCR Group's memoranda did not object to the documents being used, only that documents should not be used against it if it is excluded from the courtroom.

[11] In its memorandum, FAS frames the issue as: "whether prior compelled disclosure of attorney-client privileged materials to the Trustee in discovery under the co-client exception to the privilege now entitles the Trustee to unfettered use of the privileged and confidential materials at trial." Adv. Doc. No. 918 at ¶ 3. FAS then concedes it "has not found authority that would require a nexus between the adversity of the co-clients in litigation and the specific case in which the co-client privileged materials could or should be excluded or admissible." *Id.* at ¶ 4.

[12] Adv. Doc. No. 919 at 1-2 (citing Restatement (Third) Law Governing Lawyers § 75 cmt. (2000)).

[13] *Id.*

there are not other circumstances. In any event, assuming co-client communications can only be used in subsequent adverse litigation, the Court finds that this proceeding satisfies that requirement.

The co-client documents at issue implicate three parties. One the one hand, THMI is a co-client to all of the communications at issue. And, as has been point out many times, the Trustee (one of the Plaintiffs here) is standing in the shoes of THMI for purposes of this proceeding. On the other hand, either THI or FAS is the other co-client with respect to the communications at issue. FAS and the THI Receiver argue that any communications where THI is the co-client cannot be used since THI is not a party to this proceeding.[14]

FAS, however, is a party to this proceeding. It is important to note that FAS was the THI Receiver's agent and THI's litigation liaison in virtually (if not all) of the communications where THI is the co-client. More importantly, this proceeding involves the claims the Probate Estates were pursuing against THI and THMI in state court (such as fraudulent transfer claims), and as FAS explained in opposing a proposed settlement between the Trustee and THI Receiver, it is FAS—not the THI Receiver—that has the right and responsibility to defend THI against those claims, as well as the negligence claims that still remain pending in state court. So FAS, a party to this proceeding, is the real party in interest with respect to the co-client exception.

And the subject of this proceeding relates to the subject of the prior joint representation. The prior joint representation, of course, related to the defense of negligence actions by the Probate Estates, as well as the Probate Estates' efforts to collect on judgments they obtained in some of those actions. This Court required the Probate Estates to litigate those judgment collection efforts here. Plus, any control FAS exercised over THMI during the scope of the prior joint representation (whether between THI and THMI or FAS and THMI) relates to the Trustee's substantive

---

[14] FAS is a party. So it cannot make that same argument with respect to communications where it was the co-client.

consolidation claim here.[15] Accordingly, the Trustee is entitled to use the co-client documents during trial.

**None of the parties will be excluded from trial**
**when the co-client documents are being used**

Having determined that the Trustee can use the co-client documents at trial, the real issue is whether any of the parties need to be excluded from the courtroom during their use. The THI Receiver proposes that any party who is not a co-client be excluded from the courtroom when the documents are being used. Understandably, the THI Receiver's objective is to keep the Probate Estates—his adversary in litigation still pending in state court—from seeing documents that may reflect defense strategy for the negligence actions. Although the THI Receiver's proposal is reasonable on its face, the problem is none of the parties—other than the Trustee and FAS—are co-clients. If the Court adopted the THI Receiver's proposal, none of the other Defendants would be able to cross-examine the Plaintiffs' witnesses who testify about the co-client documents. And GTCR, while not objecting to the use of the co-client documents specifically, says parties should not be permitted to use evidence against it when it is excluded from the courtroom. In the end, the Court concludes that it is not necessary for any of the parties to be excluded from the courtroom while the co-client documents are being presented.

There are three principal reasons why that is the case. First, based on the Court's in-camera review of the co-client documents, many of them—subject to certain portions being redacted—are not privileged in the first place. Second, even if some of the documents are attorney work product under Rule 26,[16] they do not reflect an attorney's mental impressions, opinions, or legal theories,

---

[15] FAS makes a point to stay this is not a disputed issue. Adv. Doc. No. 918 at 5. According to FAS, "[t]here is no dispute that FAS and Ms. Zack managed litigation against THMI in cases pending against FLTCH and/or its direct and indirect subsidiaries." Of course, there is a difference between managing litigation against THMI and controlling THMI.

[16] Fed. R. Bankr. P. 7026(b)(3)(A).

and this is a case where the Trustee has a substantial need to use the documents and cannot obtain the substantial equivalent of them without undue hardship.[17] Third, to the extent some of the documents are privileged, the Trustee has the right to waive the privilege with respect to THMI's own communications with its lawyers, so long as the communications relate only to THMI. The Court's ruling that the parties need not be excluded from the courtroom, however, is subject to one caveat.

In no case, should the Probate Estates be entitled to the defense strategy of THI and THMI in the negligence cases. That was the Court's primary concern in preventing the Trustee from disclosing the litigation files in the first place. And that concern still remains since some or all of the negligence cases are still pending. The Probate Estates should not be able to gain an advantage in the pending negligence cases simply by virtue of being a party to and present during the trial in this proceeding.

The Trustee has two options for keeping the Probate Estates from gaining access to defense strategy communications. First, if the Trustee believes the portions of an exhibit containing defense strategy are relevant to the claims in this case, she will be entitled to present that information at trial, but the Court will require that the Probate Estates (and their professionals) leave the courtroom. The Court does not anticipate this will be an issue since the Trustee has repeatedly said she does not intend to introduce defense strategy materials at trial. Second, if the Trustee wants to introduce exhibit that contains defense strategy because the non-defense strategy portions are relevant, she can simply redact the defense strategy portions. That should resolve the objecting party's principal concerns.

In an abundance of caution, the Court will impose two additional conditions on the use of the co-client documents: The Court will expressly find that no use of a document at trial will

---

[17] *Id.*

constitute a waiver of the attorney-client privilege or work product doctrine in any subsequent action or proceeding. And neither the co-client documents nor their contents may be used outside of this proceeding absent further order of this Court or another court of competent jurisdiction. Redaction of defense strategy, coupled with the foregoing conditions, will prevent any party from being prejudiced in the event a document admitted into evidence at trial later turns out to be subject to a nonwaivable privilege.

### Conclusion

The Trustee is entitled to use all of the co-client documents at trial subject to the following limitations: (i) if the Trustee introduces a co-client document that contains strategy for the defense of the negligence actions pending in state court, then the Probate Estates (and their professionals) must be excluded from the courtroom or the defense strategy material must be redacted; (ii) no use of a document at trial will constitute a waiver of the attorney-client privilege or work product doctrine in any subsequent action or proceeding; and (iii) neither the co-client documents nor their contents may be used outside of this proceeding absent further order of this Court or another court of competent jurisdiction.

Accordingly, it is

**ORDERED**:

1.      The Trustee is entitled to use all of the exhibits identified on her list of confidential exhibits. The Trustee has until 9:00 a.m. on September 21, 2014 to (i) disclose to the THI Receiver and FAS any exhibits she intends to use at trial that she believes contains strategy relating to the defense of state-court negligence action; and (ii) designate the portions of those exhibits she intends to redact. The THI Receiver and FAS have until 12:00 p.m. on September 21, 2014 to designate any other documents they believe should be redacted.

2.      The parties shall meet and confer regarding the disputed documents. If the parties are unable to reach an agreement regarding the redaction and use of exhibits, the parties shall submit the disputed exhibits to the Court by 1:00 p.m. on September 21, 2014. The Court reserves jurisdiction to make the final determination as to which exhibits should be redacted.

3.      No use of a document at trial will constitute a waiver of the attorney-client privilege or work product doctrine in any subsequent action or proceeding. And neither the co-client documents nor their contents may be used outside of this proceeding absent further order of this Court or another court of competent jurisdiction.

**DATED**: ____ September 20, 2014 ____.

_____
Michael G. Williamson
United States Bankruptcy Judge


Attorney Steven M. Berman is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order.


**Steven M. Berman, Esq.**
**Seth P. Traub, Esq.**
**Shumaker, Loop &Kendrick, LLP**
*Counsel for the Chapter 7 Trustee*

**Isaac R. Ruiz-Carus, Esq.**
**  Wilkes & McHugh PA**
*Counsel for the Estates of Juanita Jackson, Elvira Nunziata, Joseph Webb, Opal Lee Sasser, Arlene Townsend, and Francina Spivery-Jones*

**Patricia A. Redmond, Esq.**
**  Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A.**
*Counsel for Receiver*

**Gregory M. McCoskey, Esq.**
  **Akerman Senterfitt**
*Counsel for Fundamental Administrative Services, LLC and THI of Baltimore, Inc.*

**Matthew E. Nirider, Esq.**
  **Kirkland & Ellis LLP**
**Jeffrey W. Warren, Esq.**
  **Bush Ross, P.A.**
*Counsel for GTCR Associates, VI; GTCR Fund VI, LP; GTCR Golder Rauner, LLC; GTCR Partners VI, LP; GTCR VI Executive Fund, LP; Edgar D. Jannotta, Jr.; THI Holdings, LLC*